

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SEP 0 5 2013

FILED _____
DOCKETED _____
DATE    INIT

# BERGMAN & GUTIERREZ LLP

September 3, 2013

**<u>VIA US CERTIFIED MAIL</u>**
Molly C. Dwyer, Clerk of Court
The James R. Browning Courthouse
U.S. Court of Appeals
P.O. Box 193939
San Francisco, CA

Re:   *Junod v. Mortgage Electronic Registration Systems Inc., et al.*
      Case No. 12-55712

Dear Ms. Dwyer:

Appellants submit this letter pursuant to Federal Rule of Appellate Procedure 28(j) to inform this Court of *Glaski v. Bank of America N.A.*, 218 Cal. App. 4th 1079 (2013), issued on July 31, 2013, and certified for publication on August 8, 2013.

In *Glaski,* the Fifth District California Court of Appeal held that a plaintiff has standing under California law to challenge a foreclosure initiated by a securitized trust on the basis that there was a failure to assign the mortgage note to the securitized trust before the trust's closing date rendering the assignment void under New York law. The appellate court overruled the lower court's decision sustaining the defendants' demurrer and concluded that plaintiff Glaski had adequately pled causes of action for wrongful foreclosure, declaratory relief, violation of California Unfair Competition Law, cancelation of instruments, and quiet title.

*Glaski* speaks directly to the core issues presented in this case. Appellees contend that Appellants are barred from advancing their claims on the basis that they lack the requisite standing to challenge a foreclosure and have failed to tender. Appellees' Reply Brief, at page 2, 9-10. Appellees also argue that the provisions of the New York Estate Powers and Trusts Law ("EPTL") are "not relevant" to the case and conclude that the timing of the assignment of the mortgage to the securitized trust has no bearing to Appellants' claims. Reply Brief, at p. 14-15.

Molly C. Dwyer, Clerk of Court
Re: *Junod v. MERS et al.*, Case No. 12-55712
August 6, 2013
Page 2

*Glaski* concludes Appellants do have standing to pursue their claims without "tendering" the full amount. It also confirms that New York's EPTL renders the attempted "assignment" of a mortgage loan to a securitized trust after its closing date, void.

The Ninth Circuit "must follow the decisions of the state's highest court," [*Johnson v. Fankell*, 520 U.S. 911, 916 (1997)], and "[n]either this Court nor any other federal tribunal has any authority to place a construction on a state statute different from the one rendered by the highest court of the State." *International Soc. for Krishna Consciousness of Calif., Inc. v. City of Los Angeles*, 530 F.3d 768, 770 (9th Cir. Cal. 2008).

Very Truly Yours,

Deborah P. Gutierrez, Esq.

cc:   Jonathan D. Fink, Esq., Magdalena D. Kozinska, Esq.